John Samios, Plaintiff-Appellee, v. City of Joliet, a Municipal Corporation, Maurice Berlinsky, as Mayor, and Nancy Vallera, as City Clerk, Maurice Berlinsky, as Mayor, William H. Wilson, as City of Joliet Councilman, and Frank J. Gospodaric, Defendants-Appellants.

Gen. No. 68–9.

Third District.

November 25, 1968.

William G. Mullen, Edmund F. Harmon, and O'Brien & Faulkner, of Joliet, for appellants.

Cirricione & Penn, of Joliet, for appellee.

SCHEINEMAN, J.

The City of Joliet had built a fire station at a new location and no longer needed the old site. After inquiry was made of the City Council of Joliet at a regular meeting on February 16, 1965, regarding the purchase of the vacant property by appellant Gospodaric, the city manager was instructed to advertise for bids on the property by the Council. In so doing, the Council acted upon motion and unanimous vote. The property was duly advertised, and two bids were received; one from plaintiff in the amount of $53,000 and one from Gospodaric in the amount of $45,250. The property was apparently appraised at a value of $40,000.

At a regular Council meeting on August 3, 1965 the bids were considered. A motion to reject the bids and readvertise was defeated. A motion to accept plaintiff's bid failed to receive the three-fourths vote required by law.

On August 30, 1965, plaintiff filed a complaint seeking in one count a writ of mandamus to compel the city to complete an alleged sale of the municipally owned property, and another count requesting specific performance.

On September 21, 1965, the City Council returned the bids by unanimous action, together with the deposits made by the bidders. Thereafter the City, as defendant in the court action, moved to dismiss the complaint, which motion was heard on September 23, 1965, and was denied on October 6, 1965.

Over two years later, on November 7, 1967, another motion was made at a Council meeting to accept plaintiff's bid. This motion again failed to carry by the necessary three-fourths vote. On December 5, 1967, a hearing was held in court on a motion for summary judgment previously filed by plaintiff. The next day the trial court entered judgment on the motion in favor of plaintiff. The order required that a writ of mandamus issue, ordering the city to issue a deed. No deed has been issued. There was also a summary judgment for plaintiff on pleadings.

The applicable law is chapter 24, Illinois Revised Statutes, section 11–76–1, which authorizes a city to sell its real estate that is no longer needed by it. There are two express requirements: the power must be exercised by ordinance and it must be approved by a three-fourths vote.

■ It is apparent the legislature deemed the sale of city real estate a serious matter requiring special precautions and formal action. It is not a proper function of the judicial branch of the state to ignore the law or to override the legislature acting within its constitutional powers.

■ "Where the charter requires the passage of an ordinance—a legislative act—by the Council, to accomplish the object desired, an ordinance is indispensable." McQuillin Mun Corp, 3rd Ed (1949), § 15.03, at page 57.

Appellee's brief cites cases which are not in point and do not support the trial court's action.

■■ The complaint specified that the procedure of the City Council was by motion. A motion is not an ordinance and bears no resemblance to it. If it is contended the city officials were improperly motivated, the remedy is at the polls, not in court.

References to a contract in this case are in vain, there never was a contract. Moreover, the city has received nothing from the plaintiff and there is no basis upon which to assert an estoppel.

So long as there is not a three-fourths majority of the Council willing to make a proper sale of the real estate, there can be no sale. No court has authority to convert a minority of the Council into a three-fourths majority.

The writ of mandamus was improperly issued and is therefore quashed, and the summary judgment is reversed.

Reversed.

STOUDER and ALLOY, JJ., concur.